UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KEITH RIVERS<br><br>    Plaintiff,<br><br>v.<br><br>LARRY PARKER, ET AL.,<br><br>    Defendants. | Civil Action No. 6:23-138-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Keith Rivers is a resident of Sacramento, California. Proceeding without a lawyer, Rivers filed a civil complaint [R. 1] and a motion for leave to proceed *in forma pauperis* [R. 2] with the United States District Court for the Eastern District of California. That Court then transferred Rivers's action to this district [R. 3], and, thus, his filings are now pending before this Court.

As an initial matter, the Court will grant Rivers's fee motion and allow him to proceed as a pauper. That is because the financial information Rivers has provided indicates that he lacks enough assets or income to pay the filing and administrative fees in this case.

That said, the Court has conducted an initial screening of Rivers's complaint pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss it without prejudice because, as currently drafted, the pleading fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Rivers does name several defendants in his complaint, including the University of the Cumberlands in Williamsburg, Kentucky and 15 of its employees, and he asserts various federal and state claims against them, such discrimination, breach of contract, and intentional infliction of emotional distress. [*See* R. 1]. However, Rivers does not support his claims with enough alleged facts, as required.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (making it clear that a civil complaint must contain sufficient factual matter to state a claim that is plausible on its face).

For example, in the section of Rivers's complaint titled "Statement of Claim," he says: "All Defendants purposely and knowingly discriminated against the Plaintiff. The Defendants also breached multiple contracts. The Defendants showed negligence towards the Plaintiff. The Defendants also caused intentional infliction of emotional distress and pain and suffering. Fraud, abuse of power, and intimidation was also caused by the Defendants." [R. 1 at 6]. But Rivers does not state, in any clear way, how each defendant was involved and what each defendant did that caused him harm or violated his rights, including the dates and places of that involvement or conduct, despite being specifically directed to do so by the Court-approved form he completed. [*See id.*]. Rather, Rivers repeatedly offers legal conclusions throughout his complaint; that is not enough to survive this Court's initial screening. *See Iqbal*, 556 U.S. at 678 (explaining that the Federal Rules of Civil Procedure demand "more than unadorned, the-defendant-unlawfully-harmed-me" accusations and a pleading that simply offers labels and conclusions).

The Court recognizes that Rivers also filed an additional typed complaint, which he attached to his form pleading. [*See* R. 1 at 8-13]. While Rivers elaborates on his case in that filing, he still does not include enough alleged facts to state a claim upon which relief may be granted. [*See id.*]. In fact, Rivers's only factual allegations appear to come at Docket Entry #1, pages 9-10, where he alleges that he is a member of a statutorily protected class and then says:

> The Plaintiff is a Doctorate student at the University of the Cumberlands. The Plaintiff was discriminated against based on his race, color, religion, sex, and national origin. The Plaintiff was mistreated and suffered a breach of contract due to the actions of the Defendants. There [sic] first breach of contract derives from the financial aid office at the University of the Cumberlands regarding tuition and usage of the graduate plus loan. The second breach of contract derives from Defendants Larry Parker and Daniel Kanyam and their verbal commitment to get

>  the Plaintiff's dissertation completed on the agreed upon schedule. However, Defendants Larry Parker, Daniel Kanyam, and the rest of the Defendants purposely and knowingly discriminated against the Plaintiff and treated the Plaintiff less than other Doctorate students. The Defendants lied, mislead [sic], and took advantage of the Plaintiff for personal and monetary gains.

[R. 1 at 9-10]. These statements, however, are once again largely legal conclusions, and, to the extent that Rivers does allege at least some facts against a few of the defendants, his allegations are vague and do not clearly state what the defendants did (or failed to do) to cause him harm. And, notably, Rivers fails to include any allegations whatsoever against most of the named defendants.

In light of the foregoing, the Court will dismiss Rivers's current complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court's dismissal, however, will be without prejudice. This means that Rivers may file a new civil action regarding the matter raised in his initial pleading, and the Court will send him a blank form he may use for that purpose. Ultimately, if Rivers elects to file a new complaint, and thus a new civil action, he must list the defendants against whom he has claims and is seeking relief, and he must more clearly explain what each named defendant actually did (or failed to do) to allegedly cause him harm. In other words, Rivers must specifically state how each defendant was involved and what each defendant did (or failed to do) that caused him harm or violated his rights, including the dates and places of that involvement or conduct. Rivers must then sign his pleading and file it with the Court.

If Rivers subsequently files a new action, he must also either pay the $402.00 in filing and administrative fees up front and in full or pursue pauper status by completing and filing an E.D. Ky. 519 Form, the form typically used in this district by non-prisoners seeking leave to proceed *in forma pauperis*.

Accordingly, it is **ORDERED** that:

1. Rivers's motion for leave to proceed *in forma pauperis* [R. 2] is **GRANTED**, and payment of the filing and administrative fees is **WAIVED**.

2. Rivers's current complaint [R. 1] is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and this specific action is **STRICKEN** from the Court's docket.

3. That said, the Clerk's Office is directed to send Rivers the following blank forms:

    a. a Pro Se 1 Complaint for a Civil Case Form, which is available at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case; and

    b. an E.D. Ky. 519 Form.

4. If Rivers wishes to file a new pleading—and thus initiate a new civil action—he may proceed in accordance with the instructions outlined above.

This 24th day of July, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY